UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JLM ADVANCED TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CV410-218 |
| INTERNATIONAL PAPER COMPANY, and A&H FLUID TECHNOLOGIES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendant A&H Fluid Technologies, Inc. ("A&H"), moves to amend its pleadings to file a Fed. R. Civ. P. 13(e) counterclaim. (Doc. 26.) Plaintiff JLM Advanced Technical Services, Inc. ("JLM"), opposes that motion as untimely filed under the Court's scheduling order. (Doc. 29.) Alternatively, JLM argues that the motion was unduly delayed and that it would be prejudiced by the late amendment.

The scheduling order in this case set February 21, 2011 as the last day for filing motions to amend. (Doc. 24.) The Court was closed that day for a federal holiday (Washington's Birthday). A&H filed its motion

on February 22. It asserts that under Fed. R. Civ. P. 6(a), the filing was timely. (Doc. 33 (A&H reply brief).) JLM disagrees, arguing that the motion to amend was filed one day too late.

Federal Rule 6 specifies the method for computing time when a deadline is stated as a number of days from a particular act or event. The rule provides that if the last day of the time period falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). But as pointed out in the advisory committee notes to the 2009 amendments to Rule 6, "[t]he time-computation provisions of subdivision (a) apply only when a time period must be computed. *They do not apply when a fixed time to act is set.*" *Id.* advisory committee note (emphasis added). JLM is thus correct in arguing that the provisions of Rule 6(a)(1)(C) do not appear to apply here, as the Court's scheduling order specified a date certain for filing motions to amend.

Nevertheless, the Court finds that A&H's motion was not untimely. It is the longstanding policy of this Court to set dates certain that do not fall on weekends or legal holidays. Scheduling the deadline for filing

2

motions to amend for February 21, a legal holiday as defined by Fed. R. Civ. P. 6(a)(6), was an oversight. Accordingly, the Court hereby amends the scheduling order to set February 22, 2011 as the final day for filing motions to amend. Under the revised scheduling order, A&H's motion is timely.

JLM also contends that A&H's pleading fails under Fed. R. Civ. P. 15(d), which provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (Doc. 29 at 4.) A district court shall freely give leave to amend "when justice so requires." *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam) (quotation marks omitted). "There must be a substantial reason to deny a motion to amend," such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* (alteration in original) (internal citations and quotation marks omitted). JLM argues that A&H unduly delayed filing the counterclaim and that it would be prejudiced should the claim be allowed. (Doc. 29 at 4.)

3

A&H explains that in its initial answer it claimed that it was entitled to a contractual setoff "for excess costs to complete the plaintiff's work on the project which is the subject of the plaintiff's complaint." (Doc. 26 at 1 (citation and quotation marks omitted). At the time it filed its answer, it was not aware that the costs to complete the work would exceed the balance due under the contract. "On or about December 2, 2010, A&H entered into a contract with a substitute sub-contractor, to correct and complete plaintiff's work on the contract." (*Id.* at 2.) Since the costs exceeded the amount of the original subcontract between A&H and JLM, A&H realized that it was entitled to more than a setoff -- it needed to assert a counterclaim for breach of contract against JLM "seeking to recover the amount by which [A&H's] costs to correct and complete exceed the original contract balance." (*Id.* at 2.)

A&H was aware of the issue in December 2010 yet waited until February 22, 2011 to assert it. That delay, JLM insists, is inexcusable and would lead to prejudice and additional costs, since the expert witness deadlines have passed. (Doc. 29 at 4-5.) The Court disagrees. A&H explains that while it knew that it had a potential counterclaim in December 2010, "the information necessary to the finalization of [the]

counterclaim was still being gathered until just prior to the filing of its motion. (Doc. 33 at 7.) Specifically, it was not aware of the "precise amount of damages" until February 9, 2011, a few weeks before filing its motion. (*Id.*)

The Court is satisfied that A&H was not dilatory in filing its motion. JLM, for that matter, already knew A&H was seeking a setoff "for excess costs to complete plaintiff's work on the project." (Doc. 14 at 2.) Hence, JLM has not been sandbagged in crafting its discovery and obtaining experts -- it should be well prepared already to respond to A&H's counterclaim. Discovery is not set to expire until June 27, 2011, which should allow ample time for the parties to compensate for the eleventh-hour disclosure. (Doc. 32.) There has been no undue delay here, nor has JLM shown that it will be prejudiced by the late counterclaim. Accordingly, A&H's motion to allow supplemental pleading (doc. 26) is **GRANTED**.

**SO ORDERED** this 4th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

5